## REMEDY OF CREDITORS OF A DECEDENT WHERE PARTITION IS SOUGHT.

Common Pleas Court of Licking County.

CORDELIA A. WILSON v. HENRY S. IRWIN ET AL.

Decided, 1909.

*Estates of Decedents— Partition May be Filed at Any Time, but Decree Must be Delayed for One Year—Remedy of Creditors of Estate where Partition is Prayed— Section 12028.*

Where an answer, in a proceeding to partition the realty of a decedent, alleges that there is not sufficient personal property to pay the debts, the court will permit the action to go to decree after the lapse of the statutory period from the death of the decedent, and upon distribution will order that a sufficient amount of the proceeds from the sale be turned over to the administrator to pay the indebtedness of the estate as certified by the probate court.

*Kibler & Kibler,* for plaintiff.
*Hunter & Hunter,* contra.

SEWARD, J. (orally).

This is a petition for partition, and an answer is filed. The petition was filed before the expiration of a year from the death of Hamilton Irwin. An answer is filed in which the pleader alleges that there is not personal property sufficient to pay the debts. Section 5756, Revised Statutes, provides:

"A person entitled to partition of an estate may file his petition therefor in the court of common pleas, setting forth the nature of his title, and a pertinent description of the lands, tenements, or hereditaments of which partition is demanded, and naming each tenant in common, co-parcencer, or other person interested therein, as defendants; provided, however, that where the title to such estate came to such person by descent or devise upon the death of an inhabitant of this state, a partition thereof

shall not be ordered by the court within one year from the date of the death of such inhabitant, unless the *partition*" [it means "petition," although the word "partition" is used here] "shall set forth and it be provided that all of the debts and claims against the estate of such decedent have been paid, or secured to be paid, or that the personal property of said deceased is sufficient to pay the same."

Under this section of the statute, of course, before the expiration of a year after the death of the decedent, partition could not be ordered, but there is no inhibition against filing a petition even the next day after the death of the decedent. A person can file a petition, but no partition can be made of the real estate, unless it is shown that there are no debts or that the debts have been paid, or that there is sufficient personal assets out of which to pay them. This petition was filed January 8, 1902, and more than a year has elapsed since that date. Now, if there are not personal assets sufficient, the remedy, as the court views it, is by an order from the probate court—a certificate. An administrator or executor can, after a year has expired from the date of his appointment, proceed to settle the estate and pay out the funds in his hands, and a person who may have claims against the estate that have not before that time been presented will be barred from any claim against the administrator, unless property shall subsequently come into his hands. After more than one year having expired, a party who may have a claim against the estate has a right to go into the probate court and make a statement of the assets and liabilities and have the probate court send a certificate up as to how much will be required to pay the indebtedness of the estate, and that amount is ordered by the common pleas court paid to the administrator to pay the debts. So, as the court views this case, the right of the answering defendant is to procure that certificate from the probate court showing how much money will be required to pay the debts of the estate, and upon filing that certificate this court would order that amount of money from the proceeds of this sale to be paid to the administrator and held by him to pay its claims against the estate and await the event of a suit which is pending against the estate. An order in partition will be made.